IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVERIO REYES MARTINEZ,

    Petitioner,                   No. CIV S-07-0999 FCD GGH P

   vs.

M. EVANS, et al.,

    Respondents.             ORDER

_____/

        On November 13, 2008, a hearing was held regarding respondent's August 4, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations. R. Shanti Brien appeared on behalf of petitioner. Harry J. Colombo appeared on behalf of respondent.

        For the reasons discussed at the November 13, 2008, hearing, an evidentiary hearing is set to address the equitable tolling issues of : (1) petitioner's ability to speak, read, or write English, pursuant to <u>Mendoza v. Carey</u>, 449 F.3d 1065 (9th Cir. 2006); and (2) lockdowns at the prison. Respondent's motion to dismiss, brought on the papers, is denied without prejudice to its consideration following resolution of the factual issues at the evidentiary hearing.

\\\\\

\\\\\

1

A. <u>Witnesses</u>

On or before thirty days prior to the hearing the parties shall provide witness lists, including addresses and telephone numbers, to opposing counsel and the court.

Each party may call any witnesses designated by the other.

1. No other witness will be permitted to testify unless:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

    b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2. Within the thirty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted to testify unless:

    a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b. The court and the opposing party were promptly notified upon discovery of the witnesses;

    c. If time permitted, the party proffered the witnesses for deposition; or

    d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

B. <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits twenty days prior to the evidentiary hearing.  The parties shall file an exhibit list with the court ten days prior to the hearing.  Any objections to exhibits may be raised at the hearing.

Petitioner will use numbers to mark exhibits; respondents will use letters.

1. No other exhibits will be permitted to be introduced unless:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2" below.

2. Within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing party were promptly informed of their existence; or

    c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) cannot be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing. The "exhibit book" is for bench use during trial.

C. <u>Miscellaneous</u>

Counsel shall make the appropriate writ ad testificandum filings if the presence of petitioner or any other incarcerated witness is desired. Counsel shall file these writs at least thirty days prior to the hearing. The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

\\\\\

1 	The parties may conduct mutual discovery on the issues set for evidentiary hearing until January 18, 2009.

	Accordingly, IT IS HEREBY ORDERED that:

	1. An evidentiary hearing is set for February 23, 2009, at 10:00 a.m. before the undersigned ;

	2. Respondent's August 4, 2008, motion to dismiss (no. 17), brought on the papers, is denied without prejudice to its consideration following resolution of the factual issues at the evidentiary hearing.

DATED: November 18, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

mart999.evi