# United States District Court
# Eastern District of California

| | |
|---|---|
| SILVERIO REYES MARTINEZ,<br><br>             Petitioner,<br><br>    v.<br><br>ROSANNE CAMPBELL, *et al.*,<br><br>             Respondents. | CV 07-00999 TJH<br><br><br>Order<br><br>(JS-6) |

      The Court has considered the petition for *habeas corpus*, together with the moving and opposing papers.

      In 2001, after a jury trial, Martinez was found guilty of one count of a forcible lewd act upon a minor and five counts of non-forcible lewd acts upon a minor. After exhausting his challenges in state court, Martinez filed a petition for a writ of *habeas*.

      Martinez challenged the verdict on the following grounds: (1) There was insufficient evidence of force or duress to convict Martinez under Cal. Penal Code § 288(b)(1), forcible lewd act upon a minor; (2) There was insufficient evidence to

convict Martinez under Cal. Penal Code § 288(a), non-forcible lewd acts upon a minor; (3) There was insufficient evidence that Martinez had the lewd intent necessary to convict under Cal. Penal Code §§ 288(a) & (b); and (4) There was insufficient evidence that Count 4 occurred within the time frame charged in the indictment.

To merit *habeas* relief, a petitioner must demonstrate that the state court's post-conviction adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C § 2254(d)(1). When reviewing a claim of insufficiency of evidence, a court must determine if, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979). Sufficiency claims are judged by the elements as defined by state law. *Jackson,* 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16, 61 L. Ed. 2d at 577 n.16.

Martinez has claimed that the testimony of the girls was unreliable and apparently false. "Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." *People v. Lyons*, 47 Cal. 2d 311, 320, 303 P. 2d 329, 334 (1956). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789, 61 L. Ed. 2d at 573 (emphasis in original). Thus, the court must view the

1  evidence, including the testimony of the girls, in the light most favorable to the
2  prosecution. Therefore, the court reviews Martinez's claims by accepting the jury's
3  finding, that the testimony of the girls was true. The credibility of witnesses is
4  generally beyond the scope of sufficiency review. *Schlup v. Delo*, 513 U.S. 298, 330,
5  115 S. Ct. 851, 868, 130 L. Ed. 2d 808, 838 (1995).

California Penal Code § 288 provides:

(a) Except as provided in subdivision (I), any person who willfully and lewdly commits any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony ... .

(b)(1) Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony ...

The girls all testified that Martinez touched them on their genitals. Criminal intent is rarely shown by direct evidence and must frequently be inferred from the defendant's conduct. "The criminal intent required to prove a violation of section 288 is 'the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires' of perpetrator or victim. The intent with which the act is done is manifested by the circumstances under which the act is committed. ... Each case involving a lewd act must be decided on its own facts. Intent may properly be inferred from evidence of other specific acts of a similar nature." *People v. Gilbert*, 5 Cal. App. 4th 1372, 1380, 7 Cal. Rptr. 2d 660, 664 (1992)(citations omitted). Because, as the girls testified, Martinez repeatedly touched them on their genitals and, as Maryann testified, even warned Maryann that "if [you] tell anybody I might hurt you," there

was sufficient evidence for a rational trier of fact to convict Martinez of five counts of non-forcible lewd acts upon a minor under § 288(a).

To show that there was force sufficient to constitute a forcible lewd act under § 288(b)(1), the force used must "be substantially different from or greater than the force necessary to accomplish the lewd act itself." *People v. Soto*, 51 Cal. 4th 229, 242, 119 Cal. Rptr. 3d 775, 784 (2011). Holding a child down constitutes a forcible lewd act because a "defendant may fondle a child's genitals without having to grab the child by the arm and hold the crying victim in order to accomplish the act." *People v. Alvarez*, 178 Cal. App. 4th 999, 1004, 101 Cal. Rptr. 3d 169, 173 (2009). Maryann testified that Martinez held her down when he touched her genitals. This was sufficient evidence of force for a reasonable trier of fact to convict Martinez of a forcible lewd act upon a minor under § 288(b)(1).

"A variance between the charge of the indictment and the proof offered at trial may affect the substantial rights of a defendant in a criminal case if the effect is to prevent the defendant from presenting his defense properly, or if it takes him unfairly by surprise, or if it exposes him to double jeopardy." *United States v. Bolzer,* 556 F.2d 948, 950 (9th Cir. 1977). Here, there was no variance between the charges alleged in the information and the evidence provided at trial. Martha admitted that she did not remember when she was molested by Martinez. However, there was circumstantial evidence that it occurred while Martinez was living with the girls, which was the time frame with which Martinez was charged in the information. Therefore, there was no variance between the charge of the information and the proof offered at trial.

Therefore, as discussed above, all of the Petitioner's claims fail on the merits.

. . . . . . . . .

It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

Denied.

Date:   September 30, 2011

_____
Terry J. Hatter, Jr.
Senior United States District Judge